### WARD & MARTIN v. LATIMER, BAGBY & CO.

Where suit was brought on an instrument promising to pay at a day certain so many dollars in "cash-notes: "*Held*, That it was necessary for the plaintiff to prove the value of the "cash-notes."

Error from Red River. Suit on two notes under seal, calling one day after date for so many dollars in "cash-notes." There was no proof of the value of the notes. The court charged the jury that it was not necessary for the plaintiff to prove the value of the "cash-notes."

*Trimble*, for plaintiffs in error, cited this same case in 2 Tex. R., 245.

*Morrill*, for defendants in error. It is not necessary to prove the meaning of words in the vernacular. (1 Greenl. [**386**] Ev., 63.) Notes include those calling for cash and those calling for specific articles. A note calling for dollars is definite. It has been decided (Fleming v. Nall, Adm'r, 2 Tex. R., 248,) that a note calling for "current bank-notes," is equally definite. It is presumed that a note calling for "cash-notes" conveys the idea that it may be paid or discharged in other promissory notes calling for cash; it being implied that these "cash-notes," if required, are to be indorsed by the debtor. Upon the failure to pay in cash-notes at the time stipulated, the debtor loses his option to pay in cash or cash-notes, and the creditor may treat the demand as for so many dollars, currency.

LIPSCOMB, J. This suit was brought on two contracts in writing, under seal, made by the plaintiffs in error, to the defendants in error; one for the payment of $464.29 in cash-notes due since the 1st day of January, 1845, payable one day after its date; the other was for the payment of a different amount, but payable precisely in the same way, in cash-notes due, &c.

On the trial in the court below the judge charged the jury that it was not necessary for the plaintiffs to prove the value of the cash-notes mentioned in the writing obligatory sued on; and no evidence was offered to prove the same.

That this instruction was erroneous we entertain not the least doubt. It was the only material point presented to our consideration touching the merits when this same cause was before us two years ago. On full consideration we decided the point directly to the reverse of the opinion of the district judge as presented to us by the bill of exceptions. We will not again open this question for discussion. It is unfortunate for the plaintiffs below that they have been subjected to so much cost and delay in the recovery of what was really due on the obligations sued upon; but it results from claiming too much and

being sustained in that claim by a mistaken opinion of the law expressed by the court below.

[387] Our respect for the judge who presided on the trial in this case in the court below forbids the belief that he was aware of the points on which the judgment had been reversed when the cause was first before us. He was doubtless misinformed, and thought that it was on one less essential to the merits and only touching the regularity of the service of process. The judgment is reversed and the cause remanded.

*Judgment reversed.*